## Case No. 6,218a.

HATTRICK et al. v. The SPANISH BARK.[1]

District Court, S. D. Florida. Dec., 1880.

SALVAGE COMPENSATION—EXTRAORDINARY EXPENSES.

[1. The breakage of a propeller by a towboat in rendering salvage services, and similar extraordinary expenses, are not to be compensated by the salved vessel, but are only to be taken into consideration as showing the danger incurred, and thus enhancing the salvage.]

[2. Seven hundred and fifty dollars allowed on net proceeds of $2,000 for salving a vessel lying dismasted and in a helpless condition near the shore of a dangerous coast, at a great distance from any port.]

[This was a libel for salvage, filed by Hattrick and others against a Spanish bark, whereof Antonia Batet was claimant.]

LOCKE, District Judge. This is one of those unsatisfactory cases of salvage claim brought up before a court for adjudication, where, on account of the greatly disproportionate value of labor and services rendered

---

[1] [Not previously reported.]

as decided by any other criterion, it is impossible to compensate the salvors with the liberality which should always control such awards, and be an inducement for others to render like services on similar occasions. The salved vessel had been dismasted, and for five days lay at anchor in a disabled and helpless condition near the shore of a dangerous coast, at a great distance from any port. She was in a certain degree of danger, and certainly required the assistance rendered. The salving vessel undoubtedly forfeited any insurance which the owners might have had, besides materially increasing the risks of the voyage to herself and cargo. The actual expense incurred by the detention was considerable, and sufficient to justify a much more liberal compensation than can be paid for the property saved. It is shown that the propeller, during the services, was broken, thereby entailing an extraordinary expense, which, it is claimed should be paid by the salved property. The entire property salved would be insufficient to fully compensate for the loss claimed to have been caused, nor do I understand that such extraordinary damages are to be thus compensated, although, as evidence of the greater risk incurred, they may always be considered in determining a reward. This was a towboat, fitted and prepared for that business, and her officers and crew always supposed to be ready to meet the emergency of broken harnesses and like accidents, without material damages. Had the same occurred during the performance of a regular towage service, there could not possibly be any claim against the other vessel; nor do I consider there can be any in this case, further than to be considered as evidence of the great risk incurred, and, as far as possible, covered, not by award for damage, but increased compensation. After payment of the necessary expenses attending the preservation and sale of the property the net proceeds will be about $2,000. Of this I consider $750 as large a compensation as can, under the circumstances, be reasonably allowed. This will be an unusually large percentage of the property saved, according to awards for like services, yet necessarily very small when the actual amount of labor performed and property expended is considered. This cause having been fully heard, and the court being duly advised in the premises, and the salved property having been sold upon application of parties for $2,790.42, the vessel and material for $2,667.75, and the stores for $122.67, it is hereby ordered and adjudged and decreed that the libellants have and receive for the service as alleged $750, and that upon the payment of said $750, together with the costs and expenses here incurred as ordered and allowed, the residue be paid the claimant for the benefit of the true and lawful owners thereof.